Adam M. Silverstein (197638)

CAVALLUZZI & CAVALLUZZI

9200 Sunset Boulevard, Suite 807

Los Angeles, California 90069

Telephone: (310) 246-2601

Facsimile: (310) 246-2606

Email: adam@cavalluzzi.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation, | Case No. **'12 CV 0362 LAB POR** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JOHN DOES 1-25, | |
| Defendants. | |

Plaintiff, Malibu Media, LLC, sues John Does 1-25, and alleges:

### Introduction

1.     This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.     Each of the Defendants copied and distributed most of a website containing 57 movies. This is known as a "siterip." The file containing the subject website is so large that the Defendants' computers must have worked collaboratively

1  with each other through the process described below for numerous weeks or months

2  to effectuate a complete download and redistribution of the subject website.[1]

3      3.      Throughout this Complaint the word "Works" refers to 57 movies

4

5  contained on the subject website.

6      4.      Through this suit, Plaintiff alleges each Defendant is liable for:

7

8   • Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501;

9       and

10  • Contributory copyright infringement.

11
                            **Jurisdiction And Venue**
12

13     5.      This Court has subject matter jurisdiction over this action pursuant to 28

14  U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights,

15
    trademarks and unfair competition).
16

17     6.      As set forth on Exhibit A, each of the Defendants' acts of copyright

18  infringement occurred using an Internet Protocol address ("IP address") traced to a

19
    physical address located within this District, and therefore pursuant to Cal. Civ. Proc.
20

21  Code § 410.10, this Court has personal jurisdiction over each Defendant because

22  each Defendant committed the tortious conduct alleged in this Complaint in the State

23
    of California, and (a) each Defendant resides in the State of California, and/or (b)
24

25

26
    _____
27  [1] The hit dates listed in the exhibits are not evidence of when a particular Defendant started the download
    but are merely evidence of when the investigator's server recorded an IP address sending a particular piece
28  of data.

1  each Defendant has engaged in continuous and systematic business activity in the
2  State of California.

3      7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c),
4
5  because: (i) a substantial part of the events or omissions giving rise to the claims
6  occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in
7
8  this District and all of the Defendants reside in this State; additionally, venue is
9  proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases)
10 because each Defendant or each Defendant's agent resides or may be found in this
11
12 District.

13                                     **Parties**

14     8.    Plaintiff is a corporation organized and existing under the laws of the
15 State of California and has its principal place of business located at 31356 Broad
16
17 Beach Road, Malibu, CA 90265.

18     9.    Each Defendant is known to Plaintiff only by an IP address.

19     10.   An IP address is a number that is assigned by an Internet Service
20
21 Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

22     11.   The ISP to which each Defendant subscribes can correlate the
23 Defendant's IP address to the Defendant's true identity.

24                                     **Joinder**
25
26     12.   Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was
27 properly joined because, as set forth in more detail below, Plaintiff asserts that: (a)
28                                                                   Case No.

1  each of the Defendants is jointly and severally liable for the infringing activities of

2  each of the other Defendants, and (b) the infringement complained of herein by each

3  of the Defendants was part of a series of transactions, involving the exact same

4

5  torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the

6  Defendants acting in concert with each other, and (c) there are common questions of

7  law and fact; indeed, the claims against each of the Defendants are identical and each

8

9  of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted

10  Works.

11
                                    **Factual Background**
12

13        I.        *Plaintiff Owns the Copyright to the Motion Pictures*

14        13.       Plaintiff's Works are subject to copyright protection pursuant to 17

15
    U.S.C. §§ 104(b)(1)-(3) because one or more of the authors is a national or
16

17  domiciliary of a treaty party; the Works were first published in a foreign nation that

18  is a treaty party; and the Works qualify as a sound recording that was first fixed in

19
    the territory of a treaty party.
20

21        14.       Registering the copyrights is not a condition precedent to bringing this

22  action under 17 U.S.C. § 411 (a) because the subject copyrights are not "United

23
    States Work(s)" within the meaning of that statute.  Instead, the Works underlying
24

25  the copyrights were created and/or published within the territory of a treaty party.

26        15.       Within the time limits prescribed by 17 U.S.C. § 412, Plaintiff

27
    Registered 11 of the 57 movies contained on the subject website with the United
28

Case No.

1  States Copyright Office.   A copy of each of the Registrations is attached as
2  Composite Exhibit B along with a list of the titles of the other 46 works.

3      II.   *Defendants Used BitTorrent To Infringe Plaintiff's Copyright*
4
5      16.   BitTorrent is one of the most common peer-to-peer file sharing
6  protocols (in other words, set of computer rules) used for distributing large amounts
7  of data; indeed, it has been estimated that users using the BitTorrent protocol on the
8
9  internet account for over a quarter of all internet traffic.   The creators and user's of
10  BitTorrent developed their own lexicon for use when talking about BitTorrent; a
11  copy of the BitTorrent vocabulary list posted on www.Wikipedia.org is attached as
12  Exhibit C.
13
14      17.   The BitTorrent protocol's popularity stems from its ability to distribute
15  a large file without creating a heavy load on the source computer and network.   In
16  short, to reduce the load on the source computer, rather than downloading a file from
17  a single source computer (one computer directly connected to another), the
18  BitTorrent protocol allows users to join a "swarm" of host computers to download
19  and upload from each other simultaneously (one computer connected to numerous
20  computers).
21
22      A.   *Each Defendant Installed a BitTorrent Client onto his or her Computer*
23
24      18.   Each Defendant installed a BitTorrent Client onto his or her computer.
25      19.   A BitTorrent "Client" is a software program that implements the
26  BitTorent protocol. There are numerous such software programs including μTorrent
27
28

and Vuze, both of which can be directly downloaded from the internet.   See www.utorrent.com and http://new.vuze-downloads.com/.

20.   Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

**B.   *The Initial Seed, Torrent, Hash and Tracker***

21.   A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

22.   The Client takes the target computer file, the "initial seed," here the subject website containing the copyrighted Works, and divides it into groups of bits known as "pieces."

23.   The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

24.   When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free.  In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

25.   Torrent files also have an "announce" section, which specifies the URL

(Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the <u>hash identifier</u> for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

26.    The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

27.    The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Works, on them and facilitates the exchange of data among the computers.

28.    Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

C.    *Torrent Sites*

29.    "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.    There are numerous torrent websites, including www.TorrentZap.com, www.Btscene.com, www.ExtraTorrent.com, and www.piratebay.org.

30.    Upon information and belief, each Defendant went to a torrent site to upload and download Plaintiff's copyrighted Works.

D.    *Uploading and Downloading Works Through a BitTorrent Swarm*

31.    Once the initial seeder has created a torrent and uploaded it onto a torrent site then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

32.    The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

33.    Once a peer receives a piece of the computer file, here a piece of the Copyrighted Works, it starts transmitting that piece to the other peers.

34.    In this way, all of the peers and seeders are working together in what is called a "swarm."

35.    Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions. A print out of a computer screen illustrating the type of interactions between and among peers and seeders in a typical swarm is attached as Exhibit D.

36.    In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Works here, upload the torrent onto a torrent site, and

Case No.

1   deliver a different piece of the copyrighted work to each of the peers.  The recipient

2   peers then automatically begin delivering the piece they just received to the other

3   peers in the same swarm.

4

5       37.   Once a peer, here a Defendant, has downloaded the full file, the

6   BitTorrent Client reassembles the pieces and the peer is able to view the movie.

7       E.    *Plaintiff's Computer Investigators Identified Each of the Defendants' IP*

8             *Addresses as Participants in a Swarm That Was Distributing Plaintiff's*

9             *Copyrighted Works*

10      38.   Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that

11  are being used by those people that are using the BitTorrent protocol and the internet

12

13  to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

14      39.   IPP used forensic software named INTERNATIONAL IPTRACKER

15  v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the

16

17  presence of infringing transactions.

18      40.   IPP extracted the resulting data emanating from the investigation,

19  reviewed the evidence logs, and isolated the transactions and the IP addresses

20

21  associated therewith for the file identified by the SHA-1 hash value of

22  121AC0B46088E7C235A23D4379BE65A1840E9B77      (the      "Unique      Hash

23  Number").

24

25      41.   The IP addresses, Unique Hash Number and hit dates contained on

26  Exhibit A accurately reflect what is contained in the evidence logs, and show:

27

28      (A)   Each Defendant had copied a piece of Plaintiff's copyrighted Works

Case No.

1    identified by the Unique Hash Number; and

2    (B)    Therefore, each Defendant was part of the same series of transactions.

3
4    42.    Through each of the transactions, each of the Defendant's computers
5    used their identified IP addresses to connect to the investigative server from a
6    computer in this District in order to transmit a full copy, or a portion thereof, of a
7    digital media file identified by the Unique Hash Number.
8
9    43.    IPP's agent analyzed each BitTorrent "piece" distributed by each IP
10   address listed on Exhibit A and verified that re-assemblage of the pieces using a
11   BitTorrent Client results in a fully playable digital motion picture of the Works.
12
13   44.    IPP's agent viewed the Works side-by-side with the digital media file
14   that correlates to the Unique Hash Number and determined that they were identical,
15   strikingly similar or substantially similar.
16
17                                    **Miscellaneous**

18   45.    All conditions precedent to bringing this action have occurred or been
19
20   waived.

21   46.    Plaintiff retained counsel to represent it in this matter and is obligated to
22   pay said counsel a reasonable fee for its services.
23
24                                    **COUNT I**
                      **Contributory Infringement Against Does 1-25**

25   47.    The allegations contained in paragraphs 1-46 are hereby re-alleged as if
26   fully set forth herein.
27
28
                                                                        Case No.

48.   Plaintiff is the owner of the copyrights for the Works, each of which contains an original work of authorship.

49.   By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the Works that are original.

50.   Plaintiff did not authorize, permit or consent to Defendants' copying of its Works.

51.   As a result of the foregoing, each Defendant violated Plaintiff's exclusive right to:

(A)   Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)   Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)   Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works audible and transmitting said performance of the Works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)   Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and

Case No.

501, by showing individual images of the Works nonsequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

52.    Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

53.    Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)    Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B)    Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Works from each of the computers under each such Defendant's possession, custody or control;

(C)    Order that each Defendant delete and permanently remove the copy of the Works each Defendant has on the computers under Defendant's possession, custody or control;

(D)    Award Plaintiff statutory damages in the amount of $150,000 per Defendant, per registered Work infringed, pursuant to 17 U.S.C. § 504-(a) and (c),

Case No.

1   whichever is greater;

2       (E)    Award Plaintiff its actual damages and any additional profits of the

3   Defendant pursuant to 17 U.S.C. § 504-(a)-(b);

4

5       (F)    Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17

6   U.S.C. § 505; and

7       (G)    Grant Plaintiff any other and further relief this Court deems just and

8

9   proper.

10                           **COUNT II**

11      **Contributory Infringement Against Does 1-25**

12       54.    The allegations contained in paragraphs 1-46 are hereby re-alleged as if

13   fully set forth herein.

14

15       55.    Plaintiff is the owner of the Works, each of which contains an original

16   work of authorship.

17       56.    By using the BitTorrent protocol and a BitTorrent Client and the

18

19   processes described above, each Defendant copied the constituent elements of each

20   of the Works that are original.

21       57.    By participating in the BitTorrent swarm with the other Defendants,

22

23   each Defendant induced, caused or materially contributed to the infringing conduct

24   of each other Defendant.

25       58.    Plaintiff did not authorize, permit or consent to Defendants' inducing,

26

27   causing or materially contributing to the infringing conduct of each other Defendant.

28

59.   Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with Defendant.

60.   Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyrighted Works by copying constituent elements of the Works that are original.

61.   Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

62.   Each of the Defendants' contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

63.   Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion, and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)   Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B)   Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Works from each of the computers under each such Defendant's possession, custody or control;

(C)   Order that each Defendant delete and permanently remove the copy of the Works each Defendant has on the computers under Defendant's possession,

Case No.

1  custody or control;

2     (D)   Find that each Defendant is jointly and severally liable for the direct

3  infringement of each other Defendant;

4

5     (E)   Award Plaintiff statutory damages in the amount of $150,000 per

6  Defendant, per registered Work infringed, pursuant to 17 U.S.C. § 504-(a) and (c),

7  whichever is greater;

8

9     (F)   Award Plaintiff its actual damages and any additional profits of the

10  Defendant pursuant to 17 U.S.C. § 504-(a)-(b);

11

12     (G)   Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17

13  U.S.C. § 505; and

14     (E)   Grant Plaintiff any other and further relief this Court deems just and

15  proper.

16

17                    **DEMAND FOR A JURY TRIAL**

18     Plaintiff hereby demands a trial by jury on all issues so triable.

19

20                              Respectfully submitted,

21     By: */s/ Adam M. Silverstein*
       Adam M. Silverstein (197638)
22     CAVALLUZZI & CAVALLUZZI
       9200 Sunset Boulevard, Suite 807
23     Los Angeles, California 90069
       Telephone: (310) 246-2601
24     Facsimile: (310) 246-2606
25     Email: adam@cavalluzzi.com
       *Attorneys for Plaintiff*
26

27

28                                              Case No.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MALIBU MEDIA, LLC | JOHN DOES 1-25 |

**(b)** County of Residence of First Listed Plaintiff **Los Angeles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cavalluzzi & Cavalluzzi, 9200 Sunset Boulevard, Suite 807, Los Angeles, CA, (310)246-2601

Attorneys (If Known)

**'12CV0362 LAB POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 106
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____