UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>                                   Plaintiff,<br><br>      v.<br><br>JOHN DOES 1-25,<br><br>                                   Defendants. | Civil No.   12-cv-0362-LAB (DHB)<br><br>**ORDER DENYING MOTIONS TO QUASH**<br><br>**[ECF Nos. 7 and 13]** |

On April 16, 2012, Defendant John Doe 17 filed a Motion to Quash Third Party Subpoena and Sever all Doe Defendants and/or to Vacate the February 24, 2012 Order Granting Plaintiff Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. (ECF No. 7.) On May 2, 2012, Defendant John Doe 24 filed a Motion to Sever and Dismiss Doe Defendant No. 24 and to Quash Subpoena. (ECF No. 13.) Plaintiff has filed a Response and Opposition to both motions, and Defendants have each filed a Reply.[1] The Court has reviewed the parties' papers and supporting exhibits, and for the reasons set forth below **DENIES** Defendant John Doe 17 and Defendant John Doe 24's Motions to Quash.

## I. BACKGROUND

On February 9, 2012, Plaintiff Malibu Media, LLC, filed this action against 25 John Doe

---

[1] On May 16, 2012, John Doe 17 filed a Notice of Joinder in John Doe 24's Motion to Sever and Dismiss and to Quash Subpoena. (ECF No. 20.)

defendants, alleging direct and contributory copyright infringement.[2]  (ECF No. 1.)  The Complaint alleges the John Doe defendants illegally reproduced and distributed Plaintiff's copyrighted material through a peer-to-peer Internet network using Bit Torrent technology.  On February 17, 2012, Plaintiff filed a motion seeking early discovery for the limited purpose of identifying the John Doe defendants. (ECF No. 3.)  Plaintiff identified the IP address associated with each John Doe defendant and requested that the Court allow it to subpoena the defendants' Internet Service-Providers ("ISPs") to obtain the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the person to whom each IP address corresponded.  On February 24, 2012, the Honorable Louisa S Porter granted the motion.  (ECF No. 5.)

John Doe 17 and John Doe 24 ("Movants") now seek to quash the subpoenas issued to their respective ISPs.  Alternatively, they have moved for severance and/or dismissal, and John Doe 17 has moved to vacate the February 24, 2012 Order.  On April 23, 2012, the motions were referred to this Court by the Honorable Larry A. Burns, for the purpose of determining the motions to quash.[3]

## II. ANALYSIS

### A.  Legal Standard

Motions to quash subpoenas are governed by Federal Rule of Civil Procedure 45. Rule 45(c)(3) provides, in relevant part, that a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."[4]  Fed. R. Civ. P.

---

[2] Plaintiff has settled with John Does 12 and 22, and on May 31, 2012, dismissed them from this action with prejudice. (ECF No. 21.) On June 7, 2012, Plaintiff voluntarily dismissed John Does 1-11, 13-16, 18-21, 23, and 25 without prejudice. (ECF No. 23.) Therefore, the only remaining Defendants to this action are John Does 17 and 24.

[3] The Order of Reference instructs that the motions requesting all John Doe defendants be severed and to vacate Judge Porter's February 24, 2012 Order in its entirety, will be considered, if necessary after the undersigned Judge rules on the motion to quash. (ECF No. 8.)  Accordingly, this Order will not address those motions. Additionally, this Court will reserve ruling on Movants' requests to dismiss this action, as such a determination is the province of the District Judge.

[4] Rule 45(c)(3)(A) also provides that a subpoena must be quashed or modified if it fails to allow a reasonable time to comply or requires a non-party to travel more than 100 miles (except for trial within the state). The Rule provides that a court may modify or quash a subpoena if it requires disclosure of trade secrets, certain expert opinion, or requires a non-party to incur substantial expense to travel more than 100 miles for trial. Fed. R. Civ. P. 45(c)(3)(B).

45(c)(3)(A). In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." *Liberty Media Holdings v. Does 1-62*, 2012 WL 628309, *2 (S.D. Cal. February 24, 2012) (citing *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354-55 (D.D.C. 2001)).

### B.      Movants' Standing

As a preliminary matter, Plaintiff argues Movants lack standing to quash the subpoenas issued to their ISPs. As a general rule, a party does not have standing to challenge a subpoena issued to a third party, unless the party has some personal right or privilege relating to the information sought. *See e.g. Vera v. O'Keefe*, 2012 WL 909316, *1 (S.D. Cal. March 16, 2012); *Deployment Medicine Consultants Inc. v. Pipes, et al.*, 2011 WL 811579, *2 (S.D. Cal. March 2, 2011); *Third Degree Films, Inc. v. Does 1-108*, 2012 WL 669055, *2 (D. Md. Feb. 28, 2012). Movants contend that they have a privacy interest in the identifying information they provided to their ISPs.

The Court finds that Movants' privacy interest in their contact information "is minimal at best."[5] *Third Degree Films, Inc.*, 2012 WL 669055 at *2. Yet, "however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party.'" Id. at *2 (internal citations omitted). Therefore, the Court will not deny Movants' motions to quash for lack of standing.

### C.      Motion to Quash on Grounds that Plaintiff is Not the Real Party in Interest

John Doe 17 argues that there is no corporation by the name of "Malibu Media, LLC" listed on the California Secretary of State's website. Therefore, John Doe 17 concludes Plaintiff is not entitled to sue for copyright infringement because no such corporate entity exists. On that basis, John Doe 17

---

[5] Some courts outside this district have found that internet subscribers do not have an expectation of privacy in identifying information they conveyed to their ISPs *See AF Holdings, LLC v. Does 1-162*, 2012 WL 488217, *4 (S.D. Fla. Feb. 14, 2012); *First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177, *1 (S.D. Ind. Sept. 13, 2011). However, the courts within this district that have addressed motions to quash in similar Bit-Torrent cases have not denied the motions for lack of standing. *See e.g. Liberty Media Holdings, LLC v. Does 1-62*, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012) (addressing merits of motions to quash and thereby implicitly indicating Doe defendants had standing); *Patrick Collins, Inc. v. John Does 34-51*, 2012 WL 871269 (S.D. Cal. March 14, 2012) (same).

argues the subpoena should be quashed.[6] Plaintiff counters that "Malibu Media LCC" is a limited liability company,[7] and the Secretary of State's LLC database reflects that the entity is an active California LLC. Further, Plaintiff argues it is the valid copyright owner of the works at issue.

At this early juncture, it appears Plaintiff has standing to pursue this action. But even assuming, without deciding, that Plaintiff is not the real party in interest, Rule 45 does not provide authority to quash a subpoena on the grounds of a party's lack of standing. Further, John Doe 17 has not cited to any case law that holds a plaintiff's lack of standing is a sufficient basis to quash a subpoena under Rule 45(c)(3). Accordingly, the Court declines to quash the subpoenas based on Plaintiff's alleged lack of standing in this case.

### D. Motion to Quash Based on Lack of Personal Jurisdiction

John Doe 17 next argues the subpoena should be quashed under Rule 45(c)(3) on the ground that it subjects him to undue burden. John Doe 17 contends Plaintiff inadequately pled personal jurisdiction in the Complaint. Therefore, he asserts he will be subjected to the undue burden of having to respond to a deficient complaint and defend this lawsuit. On that basis, John Doe 17 argues the subpoena should be quashed.[8] Plaintiff counters that it adequately pled personal jurisdiction in the Complaint.

By its terms, Rule 45 does not provide authority for a court to quash a subpoena based on an alleged defect in the complaint. Further, John Doe 17 does not cite, and the Court has not found, any case holding the undue burden contemplated by Rule 45 encompasses the potential burden on defendant to have to respond to a complaint or defend an action. Indeed, courts that have considered what constitutes an undue burden in the context of mass copyright cases have held that the undue burden contemplated by Rule 45 is the one placed on the party to whom the subpoena is directed. Here, that is the ISPs, not the John Doe defendants. *See Donkeyball Movie, LLC v. Does 1-171*, 810 F. Supp. 2d 20, 24 (D.D.C. 2011) (rejecting argument that lack of personal jurisdiction subjected Doe defendant to

---

[6] John Doe 17 also argues that the February 24, 2012 Order should be vacated and the Complaint dismissed with prejudice on this ground.

[7] Plaintiff states that it inadvertently alleged in the Complaint that it is a corporation. Plaintiff states that it intends to file a Notice of Errata to correct the error.

[8] Alternatively, John Doe 17 argues that the February 24, 2012 Order should be vacated and the Complaint dismissed with prejudice for lack of personal jurisdiction.

undue burden and stating that when a subpoena is issued to a Doe defendant's ISP, the Doe defendant "faces no obligation to produce any information under the subpoena . . .and cannot claim any hardship, let alone undue hardship"); *Third Degree Films, Inc. v. Does 1-108*, 2012 WL 669055, *3 (D. Md. Feb. 28, 2012) ("[The] argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require [the Doe Defendants] to produce any information or otherwise respond."); *Patrick Collins, Inc. v. Does 1-10*, 2012 WL 1144980, *8 (D. Md. April 4, 2012) ("[T]he undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, the ISP in this case, not on third parties such as the Doe defendants.").

Moreover, at least one court in this district has already held that lack of personal jurisdiction is not a proper basis to quash a subpoena, where, as here, the John Doe defendants have not yet been named. *See Liberty Media Holdings, LLC v. Does 1-62*, 2012 WL 628309, *2-3 (S.D. Cal. Feb. 24, 2012) ("Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether Movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their jurisdictional defenses. . . . Accordingly, the Court finds Movants' jurisdictional arguments premature and declines to quash Plaintiff's subpoena or dismiss the action for lack of personal jurisdiction at this stage of the litigation.").

Therefore, the Court denies John Doe 17's Motion to Quash on the basis of lack of personal jurisdiction.

### E. Motion to Quash Based on Misjoinder

Both Movants argue the subpoenas should be quashed on the ground that joinder is improper.[9] Again, by its terms, Rule 45 does not provide authority for a court to quash a subpoena based on misjoinder. *See Patrick Collins, Inc. v. John Does 34-51*, 2012 WL 871269, *1 (S.D. Cal. Mar. 14, 2012). To the extent Movants argue misjoinder subjects them to undue burden under Rule 45(c)(3), the Court denies their motions to quash for the reasons stated above. *See Donkeyball Movie, LLC*, 810 F.

---

[9] Alternatively, John Doe 17 argues the February 24, 2012 Order should be vacated and the Complaint dismissed with prejudice on this ground, and John Doe 24 argues he should be severed from this litigation and/or dismissed from this case with prejudice.

Supp. 2d at 24; *Third Degree Films, Inc.*, 2012 WL 669055 at *3; *Patrick Collins, Inc.*, 2012 WL 1144980 at *8. Furthermore, the Honorable Michael M. Anello of this Court has already held, in a case that appears factually indistinguishable from the instant case, that a subpoena should not be quashed on the grounds of misjoinder at this early stage of the litigation. *See Liberty Media Holdings, LLC*, 2012 WL 628309 at *4-7. Accordingly, the Court denies Movants' motions to quash on the basis of misjoinder.

### F. Request to Modify Subpoena

John Doe 17 requests, in the alternative, that the Court modify the subpoena and not disclose his telephone number. The Court finds that it is proper to modify the subpoena to limit the requested information to Movants' name, address, and MAC address only. That information should be sufficient for Plaintiff to be able to identify and serve the John Doe defendants. The Court finds it is not necessary for the ISPs to release Movants' telephone numbers or email addresses.

### III. CONCLUSION

For the foregoing reasons, Defendant John Doe 17 and Defendant John Doe 24's motions to quash the subpoenas (ECF Nos. 7 and 13) are **DENIED**. The Court's February 24, 2012 Order granting early discovery is hereby modified as follows: The information that may be requested from the John Doe defendants' ISPs is limited to the name, address, and Media Access Control ("MAC") address of each subscriber.

IT IS SO ORDERED.

DATED: June 18, 2012

DAVID H. BARTICK
United States Magistrate Judge